UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:16-cr-00409 |
| : | No. 5:19-cv-03118 |
| : | |
| WILSON ALBERT OSORIO, JR. : | |

**O P I N I O N**
**Motion Requesting Reconsideration, ECF No. 250 – Dismissed**

**Joseph F. Leeson, Jr.**                                                                                    February 23, 2021
**United States District Judge**

**I.     INTRODUCTION**

Following a jury trial, Defendant Wilson Albert Osorio, Jr. was convicted of bank robbery and sentenced to 240 months imprisonment. Thereafter, Osorio filed a motion under 28 U.S.C. § 2255 to vacate his sentence. This Court addressed the motion, dismissing and denying it in its entirety. Osorio now files a "Motion Requesting Reconsideration." Because the motion is in fact a second or successive motion for habeas corpus for which Osorio did not seek leave to file, this Court is without jurisdiction to address it. Accordingly, the motion is dismissed.

**II.    BACKGROUND**

On September 8, 2017, Osorio was found guilty by a jury of bank robbery in violation of 18 U.S.C. § 2113(a). *See* Verdict, ECF No. 146. Thereafter, on January 4, 2018, Osorio was sentenced to 240 months imprisonment. *See* Judgment, ECF No. 205. On July 16, 2019, Osorio

filed a Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255.[1]  *See* 2255 Mot., ECF No. 224.  Following a response by the government, *see* Gov't Resp., ECF No. 236, and subsequent reply by Osorio, *see* Reply, ECF No. 238, this Court addressed the motion.  *See* Opinion 12/23/2019, ECF No. 242.  In its Opinion, this Court found three of Osorio's claims procedurally defaulted.  *See id.* at 4-8.  Moreover, this Court concluded that even had those three claims survived procedural default, they were meritless.  *See id.*  Osorio lodged one additional claim that was not procedurally defaulted, but it involved a challenge that had been addressed by the Third Circuit on direct appeal.[2]  *See id.* at 6.  Consistent with the Third Circuit opinion, this Court found no merit to that final claim.  *See id.*  Accordingly, this court dismissed and denied the motion in its entirety.  *See id.* at 9.

Thereafter, on December 24, 2019, Osorio filed a Notice of Appeal.  *See* App. Notice, ECF No. 244.  On April 30, 2020, the Third Circuit denied Osorio's request for a certificate of appealability.  *See* App. Order 04/30/2020, ECF No. 249.  On September 8, 2020, Osorio filed the present "Motion Requesting Reconsideration" with this Court.  *See* Mot. Recon., ECF No. 250.

### III.  LEGAL STANDARDS

#### A.  Motions under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure

"A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error."  *United States v. Fiorelli*, 337 F.3d 282, 288 (3d

---

[1] Osorio initially lodged three claims in his § 2255 motion: (1) there was insufficient evidence to convict, (2) the government did not prove identification, and (3) the Court did not give a *Barber* jury instruction.  *See* § 2255 Mot.  In a supplement filed on October 30, 2019, Osorio added a fourth claim involving a jury instruction related to his identification at trial.  *See* § 2255 Supp., ECF No. 235.

[2] The Third Circuit directly addressed and upheld the legality of the photo identification of Osorio on direct appeal.  *See United States v. Osorio*, 757 F. App'x 167, 170-71 (3d Cir. 2018).

Cir. 2003) (internal quotations omitted). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:"

"(1) an intervening change in the controlling law;"

"(2) the availability of new evidence that was not available when the court granted the motion . . . ;" or

"(3) the need to correct a clear error of law or fact or to prevent manifest injustice."

*Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through--rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A court may grant a Rule 60(b) motion only in extraordinary circumstances. *See Gonzalez*, 545 U.S. at 536. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

### B. Motions under 28 U.S.C. § 2255

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). But, a "second or successive motion must [first] be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction. *See Pelullo v. United States*, 487 Fed. App'x 1, 2 n.2 (3d Cir. 2012); *United States v. Rodriguez*, 327 Fed. App'x 327, 329 (3d Cir. 2009) (holding that the "district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals"). "When a second or successive habeas petition is erroneously filed in a

district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied* 540 U.S. 826 (2003).

"[C]ase law emphasizes that a habeas petitioner cannot circumvent the strictures of 28 U.S.C. § 2244, which governs the filing of second or successive habeas petitions, by simply labeling his paper a motion under Rule 60." *See United States v. Brown*, No. 99-730, 2013 U.S. Dist. LEXIS 99616, at *20 (E.D. Pa. July 16, 2013); *see also United States v. Vas*, 255 F. Supp. 3d 598, 603 (E.D. Pa. 2017) ("A district court lacks jurisdiction to consider a second or successive petition if the Court of Appeals has not first authorized a petitioner to file it."). In determining whether a paper is properly classified as a second or successive petition, the court must ascertain whether it advances a "claim." *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). "In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify." *See id.* (holding that a Rule 60(b) motion seeking leave to present "newly discovered evidence," for example, "is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute"); *see also United States v. Rashid*, 375 F. App'x 199, 201 (3d Cir. 2010) (holding that "a successive section 2255 motion may proceed *if certified by a court of appeals to contain*" newly discovered evidence (emphasis added)).

IV.     DISCUSSION

Although Osorio presents this motion as one for reconsideration, it is in fact a second or successive habeas motion. Osorio explicitly states that the basis for his motion is "new evidence." *See* Mot. Recon. 6; *see also Rashid*, 375 F. App'x at 201 (holding court of appeals

must certify that successive 2255 motion does indeed contain newly discovered evidence). Additionally, his motion presents a wholly novel claim that was not part of his original § 2255 motion. *See id.* at 3 (arguing, for the first time, that jury verdict is inconsistent and therefore unconstitutional); *see also Gonzalez*, 545 U.S. 530-31 (noting that a successive motion that poses new claim for relief "of course qualif[ies]" for treatment under 28 U.S.C. § 2244). Osorio cannot circumvent the process for seeking leave to file a second or successive motion by merely captioning the present motion as a "Motion Requesting Reconsideration." *See Brown*, 2013 U.S. Dist. LEXIS 99616, at *20.

Osorio did not seek leave to file a second or successive motion from the Third Circuit before filing the instant motion. Therefore, this Court lacks jurisdiction to consider the filing altogether. *See Vas*, 255 F. Supp. 3d at 603. The Court must either dismiss the motion or transfer it to the Third Circuit Court of Appeals for consideration as a request for leave to file a successive motion. *See Robinson*, 313 F.3d at 139. Although Osorio cites to "new evidence," his claims and the facts underlying were known or knowable at the time of his prior motion.[3] Thus, this Court finds that it is in the "interest of justice" to dismiss the motion.

Accordingly, Osorio's motion is dismissed.

## V. CONCLUSION

Although Osorio captions his motion as one for reconsideration, it is in fact a second or successive habeas motion. Osorio presents this successive motion without first seeking leave to file a second or successive motion from the Third Circuit. Thus, this Court does not have

---

[3] Osorio claims that it was only after his trial that he discovered that he was convicted solely on the bank robbery charge and not the aiding and abetting charge. *See* Mot. Recon. 6. Because he claims he learned of this verdict after his trial, he considers it "new evidence." *See id.* However, according to Osorio, he learned of these facts in November 2017, well before he filed his first § 2255 motion on July 16, 2019. *See id.* Accordingly, the evidence was known or knowable to him at the time of his first § 2255 filing, and it is not newly discovered.

jurisdiction to review the motion without Osorio first receiving such leave.  Accordingly, Osorio's motion is dismissed.  A certificate of appealability shall not issue as reasonable jurists would not find it debatable whether this Court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge