UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:16-cr-00409 |
| : | No. 5:19-cv-03118 |
| : | |
| WILSON ALBERT OSORIO, JR. : | |

**O P I N I O N**
**Motion Requesting Reconsideration, ECF No. 258 – Dismissed**

**Joseph F. Leeson, Jr.**                                                                       **February 16, 2022**
**United States District Judge**

**I.     INTRODUCTION**

Following a jury trial, Defendant Wilson Albert Osorio, Jr. was convicted of bank robbery and sentenced to 240 months imprisonment. Thereafter, Osorio filed a petition under 28 U.S.C. § 2255 to vacate his sentence. This Court addressed the petition, dismissing and denying it in its entirety. Osorio now files a "Motion for Reconsideration." Because the motion is in fact a second or successive petition for habeas corpus for which Osorio did not seek leave to file, this Court is without jurisdiction to address it. Accordingly, the motion is dismissed.

**II.    BACKGROUND**

On September 8, 2017, Osorio was found guilty by a jury of bank robbery in violation of 18 U.S.C. § 2113(a). *See* Verdict, ECF No. 146. Thereafter, on January 4, 2018, Osorio was sentenced to 240 months imprisonment. *See* Judgment, ECF No. 205. On July 16, 2019, Osorio

filed a Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255.[1] *See* 2255 Mot., ECF No. 224.  Following a response by the government, *see* Gov't Resp, ECF No. 236, and subsequent reply by Osorio, *see* Reply, ECF No. 238, this Court addressed the motion. *See* Opinion 12/23/2019, ECF No. 242.  In its Opinion, this Court found three of Osorio's claims procedurally defaulted. *See id.* at 4-8.  Moreover, this Court concluded that even had those three claims survived procedural default, they were meritless.  *See id.*  Although Osorio lodged one additional claim that was not procedurally defaulted, it involved a challenge that had been addressed decided by the Third Circuit on direct appeal.[2] *See id.* at 6.  Thus, this Court found no merit to that final claim. *See id.*  Accordingly, this court dismissed and denied Osorio's § 2255 motion in its entirety. *See id.* at 9.

Thereafter, on December 24, 2019, Osorio petitioned the Third Circuit for a certificate of appealability. *See* App. Notice, ECF No. 244.  On April 30, 2020, the Third Circuit denied Osorio's request for a certificate of appealability. *See* App. Order 04/30/2020, ECF No. 249.  On September 8, 2020, Osorio filed a "Motion Requesting Reconsideration" with this Court. *See* Mot. Recon. I, ECF No. 250.  Upon review, this Court determined that the motion was in fact a second or successive habeas petition and dismissed the same for lack of jurisdiction. *See* Op. 2/23/21, ECF No. 252; Order 2/23/21, ECF No. 253.

---

[1]     Osorio initially lodged three claims in his § 2255 motion: (1) there was insufficient evidence to convict, (2) the government did not prove identification, and (3) the Court did not give a *Barber* jury instruction. *See* § 2255 Mot.  In a supplement filed on October 30, 2019, Osorio added a fourth claim involving a jury instruction related to his identification at trial. *See* § 2255 Supp., ECF No. 235.

[2]     The Third Circuit directly addressed and upheld the photo identification of Osorio on direct appeal. *See United States v. Osorio*, 757 F. App'x 167, 170-71 (3d Cir. 2018).

On February 10, 2022, Osorio filed another "Motion for Reconsideration." See Mot. Recon. II, ECF No. 258. This time, Osorio asks this Court to reconsider his career offender status in light of recent Third Circuit case law. See id.

## III. LEGAL STANDARDS

### A. Review of Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:"

"(1) an intervening change in the controlling law;"

"(2) the availability of new evidence that was not available when the court granted the motion . . . ;" or

"(3) the need to correct a clear error of law or fact or to prevent manifest injustice."

*Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through--rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

"[C]ase law emphasizes that a habeas petitioner cannot circumvent the strictures of 28 U.S.C. § 2244, which governs the filing of second or successive habeas petitions, by simply labeling his paper a motion under Rule 60." *See United States v. Brown*, No. 99-730, 2013 U.S. Dist. LEXIS 99616, at *20 (E.D. Pa. July 16, 2013); *see also United States v. Vas*, 255 F. Supp.

3d 598, 603 (E.D. Pa. 2017) ("A district court lacks jurisdiction to consider a second or successive petition if the Court of Appeals has not first authorized a petitioner to file it.").

In determining whether a paper is properly classified as a second or successive petition, the court must ascertain whether it advances a "claim." *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). "In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify." *See id.* (holding that a Rule 60(b) motion seeking leave to present "newly discovered evidence," for example, "is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute").

## IV.    ANALYSIS

Although Osorio presents this motion as one for reconsideration, it is in fact a second or successive habeas petition. Osorio's motion presents a wholly novel claim that was not part of his original § 2255 motion. *See id.* at 3 (arguing, for the first time, that career offender status was inappropriately applied); *see also Gonzalez*, 545 U.S. 530-31 (noting that a successive motion that poses new claim for relief "of course qualif[ies]" for treatment under 28 U.S.C. § 2244). Osorio cannot circumvent the process for filing a second or successive petition by merely captioning the present motion as a "Motion for Reconsideration." *See Brown*, 2013 U.S. Dist. LEXIS 99616, at *20.

Osorio did not seek leave to file a second or successive petition from the Third Circuit before filing the instant motion. Therefore, this Court lacks jurisdiction to consider the filing altogether. *See Vas*, 255 F. Supp. 3d at 603. Accordingly, Osorio's motion is dismissed.

## V.      CONCLUSION

Although Osorio captions his motion as one for reconsideration, it is in fact a second or successive habeas petition.  Osorio presents this successive petition without first seeking leave to file a second or successive petition from the Third Circuit.  Thus, this Court does not have jurisdiction to review the petition without Osorio first receiving such leave.  Accordingly, Osorio's motion is dismissed.  A certificate of appealability shall not issue as reasonable jurists would not find it debatable whether this Court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge