UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:16-cr-00409 |
| : | No. 5:19-cv-03118 |
| : | |
| WILSON ALBERT OSORIO, JR. : | |

**O P I N I O N**
**Motion to Rule on Motion for New Trial filed in 2020 – Denied**

**Joseph F. Leeson, Jr.**                                                                                       **August 2, 2023**
**United States District Judge**

### I.   INTRODUCTION

On July 12, 2023, Osorio filed a *pro se* motion asking this Court to rule on a motion that he previously filed in September 2020. However, this Court already addressed the September 2020 Motion in a previous opinion. Therefore, a more in depth set of facts can be found in this Court's Opinion dated February 23, 2021. For the reasons already set forth in the Court's February 2021 Opinion, and as further explained below, Osorio's Motion is denied.

### II.   ANALYSIS

In the instant Motion, Osorio requests that the Court rule on a motion he filed in September of 2020, which requested "reconsideration under Fed. R. Civ. P. 59(e) and request[ed a] new trial pursuant to Fed. R. Crim. P. 33(b)(1)." *See* Mot., ECF No. 263. *See also* Sept. 2020 Mot., ECF No. 250. Osorio argues that the Court addressed his motion under 59(e) but failed to address his request for a new trial.

However, in an Order and Opinion dated February 23, 2021, the Court construed Osorio's entire September 2020 motion as a second or successive application for habeas corpus

relief and dismissed the motion *in its entirety* for lack of jurisdiction.  *See* Op. & Order, ECF Nos. 252-53.  Federal courts have held in varying circumstances that petitioners cannot bypass the limitation on successive habeas petitions under § 2255 by simply bringing motions under other names.  *See e.g.*, *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.")*; United States v. Brown*, No. 99-730, 2013 U.S. Dist. LEXIS 99616, at *20 (E.D. Pa. July 16, 2013) ("[A] habeas petitioner cannot circumvent the strictures of 28 U.S.C. § 2244, which governs the filing of second or successive habeas petitions, by simply labeling his paper a motion under Rule 60."); *United States v. Okeayainneh*, No. 11-87, 2019 U.S. Dist. LEXIS 171707, at *8 (D. Minn. Oct. 3, 2019) (construing the defendant's Rule 33 motion as another § 2255 motion and barring the motion as an unauthorized successive habeas petition).  Therefore, for the reasons already given in this Court's February 2021 opinion, Osorio's motion is denied.

Nevertheless, the Court understands Osorio's confusion, as the Court did not specifically mention the Rule 33 standard in its Opinion when construing Osorio's entire motion as a second or successive habeas petition.  Therefore, considering Osorio's *pro se* status and in the interest of justice, this Court has again reviewed the September 2020 Motion, and even if this Court had not construed the motion as a successive petition and instead applied the Rule 33 standard as Osorio now insists, Osorio's motion would have nonetheless been denied as meritless.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  There are five requirements that must be satisfied for a court to grant a new trial based on newly discovered evidence:

> (a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Quiles*, 618 F.3d 383, 388-89 (3d Cir. 2010) (quoting *United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000)). "While the decision to grant or deny a motion for a new trial lies within the discretion of the district court, the movant has a heavy burden of proving each of these requirements." *United States v. Scott*, Case No. 10-677, 2017 U.S. Dist. LEXIS 164937, at *7 (E.D. Pa. Oct. 4, 2017) (internal marks and citations omitted). "Rule 33 Motions are disfavored and should be granted sparingly and only in exceptional cases." *Id*. (internal marks and citations omitted).

Here, the "newly discovered evidence"[1] relied upon by Osorio in his motion is his discovery in November 2017 that the jury convicted him on the bank robbery charge, but not on the aiding and abetting charge. Even if the Court assumed that this was in fact "evidence" that was both "material" to the issues at trial and "newly discovered" by Osorio after trial, Osorio has not adequately explained how this "evidence" would have probably produced an acquittal. Osorio describes the jury's verdict as "hot and cold" and argues that the verdict is inconsistent because, in his view, he was acquitted of aiding and abetting and therefore should have been acquitted of robbery as well. *See* September 2020 Mot. at 13. However, Osorio is confused

---

[1] The Court also explained in its February 2021 opinion that the "evidence" Osorio relied upon in his motion was not "newly discovered" at the time the motion was made in the habeas context. *See* Op., ECF No. 252, at 6 n.3 (explaining that the "evidence" that Osorio was convicted on the bank robbery charge and not on the aiding and abetting charge was apparently discovered by Osorio in November 2017, well before he filed is first § 2255 petition on July 16, 2019).

generally about the difference between being convicted as a principal offender or as an accomplice to an offense. "Aiding and abetting" is simply an alternative theory of liability. *See* 18 U.S.C. § 2. *See also United States v. McKelvey*, 773 Fed. Appx. 74, 75 (3d Cir. 2019) ("Aiding and abetting is not a separate crime, but rather 'an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.'"). Because the jury found Osorio guilty of the principal crime of robbery, the jury did not also need to find Osorio guilty of aiding and abetting in order for his robbery conviction to stand. Accordingly, even if this Court had not construed Osorio's September 2020 Motion as a second or successive habeas petition and dismissed it for lack of jurisdiction, Osorio did not meet his heavy burden to prove the Rule 33 requirements, and his motion would have been denied under that rule.

### III.   CONCLUSION

Therefore, for the reasons discussed above, Osorio's Motion is denied. There is no basis to issue a certificate of appealability because reasonable jurists would not find it debatable whether this Court was correct in its procedural ruling construing the September 2020 Motion as a second or successive habeas petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge